Argued April 9, reversed and remanded September 10, 1969

STATE ex rel THUNEY LOGGING, INC.,
*Appellant, v.* FIREMAN'S FUND INSURANCE
COMPANY, *Respondent.*

458 P2d 413

*Daniel H. Coleman,* Portland, argued the cause for appellant. On the briefs were Shoemaker, Coleman, Bartlett & Saverude, Portland.

*Donald H. Coulter,* Grants Pass, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and HAMMOND,* Justices.

GOODWIN, J.

Thuney Logging, Inc., a claimant against a highway contractor's performance bond, appeals a judgment in favor of the bonding company in an action to recover money alleged to be due from a subcontractor for equipment rentals.

The bonding company's answer alleged conflicting intercorporate interests which, the bonding company contended, made the claimant ineligible to proceed against the bond. The trial court did not decide the issues thus raised in the equitable defense, but disposed of the claim on another ground, i.e., that the claimant had failed to plead and prove that the relevant subcontracts had received the written consent of the State Highway Commission and of the bonding company.

The consent of the Highway Commission to all subcontracts was a requirement of the contract between the Highway Commission and the general contractor. The court held that the contractual requirement of consent was also a condition precedent to any right by a subcontractor's creditor to proceed against the bond.

The general contractor was Combo Construction Company, Inc., a California corporation. Combo had entered into a contract with the Highway Commission for the construction of a state park facility. Combo, without obtaining the consent called for in its prime contract, subcontracted certain rock hauling to Salem

---

* Hammond, J., did not participate in the decision of this case.

Pacific Corporation, an Oregon corporation. Salem Pacific thereupon rented earth-moving machinery from Thuney Logging. There is no dispute about the rental of the equipment nor about the amount of rentals unpaid. A more complete statement of related facts may be found in *State Highway Commission ex rel Salem Pacific Corp. v. Combo Construction Co. et al*, decided this day.

The trial court was of the opinion that it could avoid a detailed exploration of complex corporate-veil problems by dismissing Thuney Logging's case on the grounds noted. That ruling was inconsistent with the underlying purpose of performance bonds and cannot be sustained. *State ex rel Salem Pacific Corp. v. Combo Construction Co.*, supra.

The general rule when claims are made against performance bonds on public-works projects has been to construe the relevant statutes so as to protect laborers and suppliers against mismanagement or dishonesty by public-works contractors insofar as it is possible for a performance bond to do so. Our present statute, ORS 279.510,[①] has been construed liberally in favor of those furnishing labor or materials on bonded projects. *Oregon Willamette Lbr. v. Lincoln Co.*, 232 Or 540, 546, 376 P2d 422 (1962); *Fitzgerald v. Neal et al*, 113 Or 103, 110, 231 P 645 (1924); *Multnomah Co. v. United States F. etc. Co.*, 87 Or 198, 207, 170 P 525,

---

① ORS 279.510. "(1) For every contract for which a bond is required made with a public body, a bond with good and sufficient sureties shall be required of the contractor. The bond shall be to the effect that:

"(a) The obligations of the contract, including the conditions listed in ORS 279.310 to 279.320, shall be faithfully performed;

"(b) Payment shall promptly be made to all persons supplying labor or materials to the contractor or his subcontractor for prosecution of the work provided in the contract;

"* * * * *."

LRA 1918C 685 (1918). It would be inconsistent with the legislative purpose behind ORS 279.510 for this court now to hold that a bonding company may escape liability on its engagements by showing that a subcontractor who had not paid his bills had also failed to secure approval from the Highway Commission prior to obtaining labor or materials. *School Dist. No. 30 v. Alameda Constr. Co.,* 87 Or 132, 138-139, 169 P 507 (1917).

The bonding company has asked us to affirm the trial court's judgment notwithstanding the erroneous basis therefor on the ground that the record supports the equitable defense pleaded below. In view, however, of the disposition of *State ex rel Salem Pacific Corp. v. Combo Construction Co. et al,* supra, some of the questions presented in the equitable defense have become moot and other questions have arisen which should be resolved by a trial court upon appropriate pleadings.

In order properly to dispose of the instant case, the trial court should permit the parties to amend their pleadings if they so desire, and bring in any new parties necessary to a complete determination of any accounting matters or other questions which might remain to be litigated after the execution of the judgment in *State ex rel Salem Pacific Corp. v. Combo Construction Co.,* supra.

Reversed and remanded.